IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Benita Dinkins-Robinson,<br><br>PLAINTIFF<br><br>v.<br><br>United States Department of Education,<br><br>DEFENDANT | Case No. 3:17-cv-02628-TLW<br><br><br>**Order** |

Plaintiff Benita Dinkins-Robinson, proceeding *pro se*, filed this civil action alleging various federal and state causes of action. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (R&R) filed by the magistrate judge to whom this case was assigned. ECF No. 7. In the R&R, the magistrate judge recommends that the Complaint be dismissed without prejudice and without issuance and service of process. Plaintiff did not file objections to the R&R. Several days after the issuance of the R&R, she filed an Amended Complaint that was substantially identical to the Complaint. ECF No. 11. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636. In the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has carefully reviewed the R&R. For the reasons stated by the magistrate judge, the R&R is **ACCEPTED** and Plaintiff's Complaint and Amended Complaint **DISMISSED**

1

**WITHOUT PREJUDICE**.[1]

Plaintiff also seeks a change in venue and the undersigned's recusal because the undersigned was the judge for her criminal trial and sentencing.[2] ECF No. 12. There is no merit to this motion, and it is therefore **DENIED**. *See, e.g.*, 28 U.S.C. § 455 (setting forth the standard for recusal); *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); *Marks v. Cook*, 347 F. App'x 915, 917 (4th Cir. 2009) (holding that the district judge properly denied a motion for recusal in a civil case where the judge previously presided over a criminal proceeding against one of the plaintiffs).

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 7, 2018
Columbia, South Carolina

---

[1] Because the Amended Complaint is virtually identical to the Complaint, the analysis in the R&R applies equally to the Amended Complaint. The Court also notes that it would have reached the same conclusion if it were applying a *de novo* standard of review.

[2] Contemporaneously with the issuance of this order, the Court has denied Plaintiff's 28 U.S.C. § 2255 petition challenging her federal convictions. *Dinkins-Robinson v. United States*, No. 3:14-cr-00300-TLW-1 (D.S.C.), ECF No. 150.